UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MARIA ISABEL PALOMO,

    Plaintiff,

v.                                                                                                4:12cv81-WS

QUINCY GOLDEN FALCON, INC.,
D/B/A GOLDEN FALCON FOOD STORE,
and RAED HAIFA,

    Defendants.

_____

## ORDER DENYING DEFENDANTS' AMENDED MOTION
## TO SET ASIDE DEFAULT JUDGMENT

Before the court is the defendants' amended motion to set aside the default judgment entered in this case on January 25, 2013. The plaintiff has consented to the relief requested.

Rule 55(c) provides that a court "may set aside a default judgment under Rule 60(b)." Rule 60(b) authorizes a court to grant relief from a final judgment in a limited set of circumstances. Here, the defendants rely on Rule 60(b)(1), which provides that the court may relieve a party from a final judgment for "excusable neglect." In deciding whether a party has established excusable neglect for the failure to comply with a filing deadline, the court weighs "the danger of prejudice to the opposing party, the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the

movant acted in good faith." United States v. Davenport, 668 F.3d 1316, 1324 (11th Cir. 2012) (internal quotation marks omitted); see also Heyman v. M.L. Mktg. Co., 116 F.3d 91, 94 (4th Cir. 1997) (recognizing that, while the negligence of an attorney may qualify as "excusable neglect" when the party is blameless, vacatur is not granted as freely when the default is caused by the negligence of a party).  As stated by the Heyman court: "When the party is at fault, the court's interest in finality and efficiency dominates and the party must adequately defend its conduct in order to show excusable neglect." Id.

     Here, the defendant, Raed Haifa, was solely responsible for the failure to respond to the plaintiff's complaint.  He admits that he was properly served with the complaint and summons and that he simply "neglected to give due attention to the proceedings."  Indeed, he did not consult an attorney or advise his insurance carrier about the complaint until—a full year after the complaint was filed—entry of the default judgment made him realize "the serious nature of the proceedings."

     Haifa did not merely miss the filing deadline by a matter of days or even weeks. He totally failed to appear in the case for over a year, making the length of the delay significant to say the least.  In his absence, the plaintiff and the court expended considerable time and effort in litigating the case, with the plaintiff having to incur the expense of traveling from Texas to Florida for an evidentiary hearing on her motion for default judgment.  That hearing, together with counsel's post-hearing briefing, resulted in a significant ($420,000) judgment in the plaintiff's favor.  While Haifa has said that his attention was focused on personal matters while this case was pending, the court finds such explanation inadequate to establish excusable neglect for Haifa's fifteen-month

failure to appear and to defend this action.

Accordingly, it is ORDERED:

1. The defendant's amended motion (doc. 29) to set aside the default judgment is DENIED.

2. The stay of discovery entered June 13, 2013, is LIFTED.

DONE AND ORDERED this  21st  day of  November , 2013.


                        s/William Stafford
                        WILLIAM STAFFORD
                        SENIOR UNITED STATES DISTRICT JUDGE